# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA MARIE TRILLO-CORONA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | Case No. 2:17-cv-00129-JCM-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Lisa Marie Trillo-Corona's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 17), filed December 28, 2017, the Commissioner's response and cross-motion to affirm (ECF Nos. 18, 19), filed January 26, 2018. Plaintiff did not file a reply.

**I.     BACKGROUND**

**1. Procedural History**

On May 1, 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of November 15, 2012. AR[1] 234-241. Plaintiff's claim was denied initially, and on reconsideration. AR 129-130; 159-160. A hearing was held before an Administrative Law Judge ("ALJ") on April 29, 2015. AR 38-65. On June 24, 2015, the ALJ issued a decision finding Plaintiff was not disabled. AR 15-

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 13).)

37. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-5. Plaintiff, on January 13, 2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Compl. (ECF No. 1).)

**2. The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 19-21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of November 15, 2012. AR 21. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of disorders of the lumbar and cervical spine, status post cervical fusion, left plantar fasciitis, obesity, anxiety, and depression. AR 21. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 22. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except claimant could never climb ropes, ladders, or scaffolds. AR 24. Plaintiff occasionally could climb ramps and stairs, could balance, could stoop, could kneel, could crouch and could crawl. *Id.* Plaintiff could reach overhead, occasionally. *Id.* Plaintiff requires a sit/stand option that would allow her to work while sitting or standing, alternating between the two positions with the time and frequency in either position determined by the sole discretion of the employee. *Id.* Plaintiff is limited to simple tasks typical of unskilled occupations with no production rates work. *Id.*. The ALJ found that Plaintiff is unable to perform her past relevant work as a pharmacy technician. AR 30. Plaintiff was born on August 26, 1969 and was 43 years old on the alleged disability onset date, which is as defined as a younger individual between the ages of 19-49. AR 31. Plaintiff has at least a high school education and is able to communicate in English. *Id.* Transferability of job skills is not material to the determination of disability. *Id.* Considering the claimant's age, education, work experience, and the residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id.* Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from November 15, 2012, through the date of the decision, on June 24, 2015. AR 32.

## II. DISCUSSION

**1. Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support

more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are insufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based . . . ." *Id.* (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).).

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See generally* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to

determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. *See Barnhart*, 540 U.S. at 24. If the individual is not engaged in SGA, then the analysis proceeds to the step two. *See id.* Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); SSR 85-28, 1985 WL 56856 (Jan. 1, 1985). [2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223-24 (finding ALJ erred in disregarding SSR 82-41).

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996). In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a); *see also* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). *See* 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. *See* 20 C.F.R. §§ 404.1560(b), 404.1565(a). In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. *Id.* §§ 404.1560(b), 404.1565(a). If the individual has the RFC to perform her past work, then a finding of not disabled is made. *Id.* § 404.1560(b)(3). If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is

1 responsible for providing evidence that demonstrates that other work exists in significant numbers
2 in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

Plaintiff moves to remand this matter because at Step 5, the ALJ failed to reconcile an apparent conflict between her RFC, which is limited to "simple tasks typical of unskilled occupations with no production rates work," and the reasoning requirements of the jobs identified by the ALJ.

The Commissioner may meet his burden to demonstrate that other work exists in the economy through the testimony of a vocational expert ("VE"). *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The ALJ may rely on the testimony of a VE who can assess the claimant's limitations and identify any existing jobs within the claimant's RFC. SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). The ALJ may also rely on the Dictionary of Occupational Titles ("DOT") in evaluating whether the claimant is able to perform other work in the national economy. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). SSR 00-4p requires the ALJ to resolve any apparent conflicts between a vocational expert's testimony and the DOT (and its companion publication). 2000 WL 1898704 (Dec. 4, 2000) (adjudicators must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [vocational experts] or [vocational specialists] and information in the . . . [DOT], including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor . . . .").

At the hearing, the VE testified that Plaintiff could perform the light work occupations of

1. office clerk, DOT 209.667-014, SVP 2

2. information clerk, DOT 237.367-018, SVP 2

3. interviewer, DOT 205.367-054, SVP 2

4. information clerk, DOT 237.367-046, sedentary work

5. hand packager, DOT 720.687-030, sedentary work, SVP 2

6. auditing clerk, DOT 219.587-010, sedentary work, SVP 2, unskilled.

1  AR 60-62.  In his decision, the ALJ noted that Plaintiff could perform jobs with the requirements
2  of representative occupations such as those in numbers four through six listed above: information
3  clerk, hand packaging clerk, and auditing clerk.  AR 31-32.  Further, the ALJ determined that
4  there were no conflicts with the VE testimony and the DOT, and therefore that the VE's
5  testimony was consistent with the DOT.

6  Plaintiff argues that the DOT numbers cited by the VE to reference the information clerk
7  and auditing clerk are incorrect, and correctly notes that they are actually the numbers for a
8  "telephone quotation clerk" and "parimutuel ticket checker."  Those DOTs indicate that they are
9  SVP[3] 2 and Reasoning Level 3.  Plaintiff further argues that work requiring Reasoning Level 3
10 has a facial conflict with Plaintiff's RFC, which is limited to simple repetitive tasks, and that the
11 VE did not provide a basis for resolving a facial conflict that relied upon education, training, or
12 experience with the national labor market that differed from the data collected and reflected in the
13 DOT.  The government responds that there is no reason to assume that occupations with
14 Reasoning Level 2 or 3 work cannot contain simple tasks typical of unskilled occupations.

15 Here, the ALJ said in his decision that Plaintiff could perform jobs such as information
16 clerk, hand packaging clerk, and auditing clerk.  Setting aside the question of whether the VE
17 intended to identify positions of telephone quotation clerk and parimutuel ticket checker, each of
18 the three positions listed by the ALJ in his decision require Reasoning Level 3.  Reasoning Level
19 3 is defined as "[applying] commonsense understanding to carry out instructions furnished in
20 written, oral or diagrammatic form" and "[dealing] with problems involving several concrete
21 variables in or from standardized situations."  DOT, App. C, 1991 WL 688702 (Jan. 1, 2016).
22 Reasoning Level 2 requires "[applying] commonsense understanding to carry out detailed but
23 uninvolved written or oral instructions" and "[dealing] with problems involving a few concrete
24 variables in or from standardized situations."  *Id.*  In *Zavalin v. Colvin*, the Ninth Circuit decided

---

[3] "SVP," or "specific vocational preparation" level, is defined by the DOT as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  DOT, App. C, 1991 WL 688702 (Jan. 1, 2016).

that a person with an RFC limited to "simple, routine, or repetitive work" could not perform jobs with Reasoning Level 3 because it may be difficult for a person to follow instructions in "diagrammatic form" as such instructions can be abstract. 778 F.3d 842, 847 (9th Cir. 2015). Here, Plaintiff's RFC similarly limits her to "simple tasks typical of unskilled occupations with no production rates work." Here, like in *Zavalin*, it may be difficult for such a person to deal with problems involving several variables in or from standardized situations. *See id.* Accordingly, the court agrees that under *Zavalin*, the ALJ did not reconcile the RFC with the DOT requirements of Reasoning Level 3 jobs to which he cited.

The DOT identifier of hand packager is mislabeled by the ALJ, as well as the VE, as DOT 720.687-030. Although Plaintiff correctly notes that there is no DOT 720.687-030, DOT 920.687-030 describes the occupation of hand bander, a sedentary occupation requiring Reasoning Level 2. Because the VE specifically mentioned a packaging occupation, and the number he provided was one digit off the hand bander occupation, the court construes the citation to a non-existent position as a harmless ministerial error. *See Lemke v. Comm'r of Soc. Sec.*, 380 F. App'x 599, 601 (9th Cir. 2010) (unpublished) (concluding that an ALJ's typographical error was harmless). Accordingly, the ALJ properly found an available occupation for Plaintiff.

Additionally, the Commissioner argues that even if *Zavalin* applies, Plaintiff has not shown that the error was not harmless. *Zavalin* recognizes that the error may be harmless depending upon the record. *See Zavalin*, 778 F.3d at 848. *See also, Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007) (when an ALJ fails to ask a VE about conflicts with the DOT it may be harmless if there is no conflict or if the vocational evidence justifies the conflict.).

An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (additional citations omitted). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina,* 674 F.3d at 1111 (internal quotations omitted) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

During his testimony, the VE also identified another Reasoning Level 2 occupation that Plaintiff could perform: office clerk, DOT 209.667-014. Although the ALJ did not specifically list this occupation in his decision, he referred to the VE's testimony that given the claimant's age, education, work experience, and RFC, the individual would be able to perform the requirements of occupations "such as" those listed in his opinion. The VE's testimony clearly included the Reasoning Level 2 occupation of office clerk DOT 209.667-014. In this context, the ALJ's failure to list this occupation in his decision was inconsequential to the ultimate nondisability determination. Accordingly, the court finds that the ALJ's error was harmless.

### III.  CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to remand (ECF No. 17) be DENIED.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 18) be **GRANTED**.

### IV.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 7, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE